IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| DANIELLE McKAY and BRIDGET A. HENSEL, | CIVIL DIVISION |
| Plaintiffs, | Case No.: G.D. -15-009563 |
| vs. | **ELECTRONICALLY FILED** |
| ANTHONY McKAY, OFFICER DAVID M. SISAK, OFFICER PETER BECHTOLD, OFFICER SCOTT BOBAK, OFFICER DAVID SPINNEWEBER, and THE CITY OF PITTSBURGH, | Pleading Type: **COMPLAINT IN CIVIL ACTION** |
| Defendants. | Filed on behalf of the Plaintiffs: *Danielle McKay and Bridget Hensel* |

Counsel of Record for this Party:
*William F. Goodrich, Esquire*
Pa. I.D. #30235

GOODRICH & GEIST, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Phone: (412) 766-1455
Facsimile: (412) 766-0300
Email: bill@goodrichandgeist.com

**"JURY TRIAL DEMANDED"**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| DANIELLE McKAY and BRIDGET A. HENSEL, | CIVIL DIVISION |
| Plaintiffs, | Case No.: G.D. -15-009563 |
| vs. | |
| ANTHONY McKAY, OFFICER DAVID M. SISAK, OFFICER PETER BECHTOLD, OFFICER SCOTT BOBAK, OFFICER DAVID SPINNEWEBER, and THE CITY OF PITTSBURGH, | |
| Defendants. | **ELECTRONICALLY FILED** |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER **(OR CANNOT AFFORD ONE)**, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW **(TO FIND OUT WHERE YOU CAN GET LEGAL HELP). THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THESE OFFICES MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
11th FLOOR KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219

TELEPHONE: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| DANIELLE McKAY and BRIDGET A. HENSEL, | ) CIVIL DIVISION |
| | ) |
| | ) Case No.: G.D. -15-009563 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANTHONY McKAY, OFFICER DAVID M. SISAK, OFFICER PETER BECHTOLD, OFFICER SCOTT BOBAK, OFFICER DAVID SPINNEWEBER, and THE CITY OF PITTSBURGH, | ) |
| | ) |
| Defendants. | ) **ELECTRONICALLY FILED** |

## COMPLAINT IN CIVIL ACTION

AND NOW come Plaintiffs, DANIELLE McKAY and BRIDGET HENSEL, by and through their attorneys, GOODRICH & GEIST, P.C., and WILLIAM F. GOODRICH, ESQUIRE, and file the within Complaint:

## THE PARTIES

1. Plaintiff, Danielle McKay, ("Danielle") is an adult individual who resides at 1500 Chelton Avenue, Pittsburgh, Pennsylvania, Allegheny County, Pennsylvania 15226, is the spouse of Defendant, Anthony McKay, from whom she is presently separated, and is the mother of a minor child, Anthony McKay, Jr. ("minor child Anthony").

2. Plaintiff, Bridget Hensel, ("Bridget") is an adult individual who resides at 1252 Oakridge Street, Pittsburgh, Pennsylvania, Allegheny County, Pennsylvania 15226.

3. Defendant, Anthony McKay, ("McKay") is an adult individual who resides at 1221 Oakleaf Drive, Pittsburgh, Pennsylvania, Allegheny County, Pennsylvania 15207, is the spouse of Plaintiff Danielle, from whom he was separated at the time of the events complained of, and is the father of the minor child Anthony.

4. At and prior to the events complained of herein, McKay acted as a bounty hunter, and was both a professional colleague and a personal friend of Defendants Officer David M. Sisak, Officer Peter Bechtold, Officer Scott Bobak and Officer David Spinneweber.

5. Defendant, Officer David M. Sisak, ("Sisak") is a resident of the Commonwealth of Pennsylvania, who currently resides in Pittsburgh, Allegheny County, Pennsylvania and is employed by the municipality of the City of Pittsburgh as a police officer.

6. Defendant, Officer Peter Bechtold, ("Bechtold") is a resident of the Commonwealth of Pennsylvania, who currently resides in Pittsburgh, Allegheny County, Pennsylvania and is employed by the municipality of the City of Pittsburgh as a police officer.

7. Defendant, Officer Scott Bobak ("Bobak") is a resident of the Commonwealth of Pennsylvania, who currently resides in Pittsburgh, Allegheny County, Pennsylvania and is employed by the municipality of the City of Pittsburgh as a police officer.

8. Defendant, Officer David Spinneweber, ("Spinneweber") is a resident of the Commonwealth of Pennsylvania, who currently resides in Pittsburgh, Allegheny County, Pennsylvania and is employed by the municipality of the City of Pittsburgh as a police officer.

9. Defendant, City of Pittsburgh, ("Pittsburgh") is a duly constituted municipal corporation, which exercises powers through its Home Rule Charter, and which does business in

the municipality of the City of Pittsburgh, Allegheny County, Pennsylvania, United States of America, at 414 Grant Street, Pittsburgh, Allegheny County, Pennsylvania 15219.

10. At all times here relevant, Defendants, Sisak, Bechtold, Spinneweber and Bobak were acting under color of state law as servants, agents and/or employees of Defendant Pittsburgh, acting at the behest of said Defendant Pittsburgh, and subject to its complete direction and control.

## THE FACTS

11. The allegations of Paragraph Nos. 1-10, inclusive, are incorporated by reference as though the same had been fully set forth herein.

12. On June 9, 2013, at approximately 1:09 p.m., Plaintiff Danielle received a text message from Defendant McKay concerning the minor child Anthony, and Defendant McKay's alleged visitation rights with the said minor child.

13. At that time, the said minor child Anthony was visiting the home of neighbors Michael Hensel ("Hensel") and Plaintiff Bridget, his wife.

14. At approximately 3:00 p.m., on the aforesaid date, Hensel called Plaintiff Danielle to inform her that Defendant McKay had been threatening him, that Defendant McKay was threatening to have Plaintiff Bridget incarcerated, and that Plaintiff Danielle needed to come to the residence of Plaintiff Bridget to retrieve the minor child Anthony because of the foregoing incidents.

15. Defendant McKay, on that date, was also texting Plaintiff Bridget harassing messages and threatened Plaintiff Bridget, via text message, with incarceration because she

informed Defendant McKay that the minor child Anthony, who was at the residence of Plaintiff Bridget visiting and playing with the minor son of Plaintiff Bridget, did not wish to speak with Defendant McKay.

16. Defendant McKay, via the aforesaid text messages to Plaintiff Bridget, conveyed his anger to and continuously threatened Plaintiff Bridget that the minor child Anthony did not call Defendant McKay, as the latter had demanded, and that Defendant McKay had custody of the minor child Anthony the weekend of June 9, 2013, pursuant to an alleged court order.

17. At all times relative to the within action, the said minor child Anthony was in the custody of Plaintiff Danielle, with visitation rights only for Defendant McKay.

18. At approximately 4:00 p.m., on the aforesaid date, Defendant Danielle traveled to the residence of Defendant Bridget at the request of Hensel as aforesaid, because of the threats made to Plaintiff Bridget by Defendant McKay.

19. Before traveling to the residence of Plaintiff Bridget, as aforesaid, Plaintiff Danielle telephoned "911" to advise of Defendant McKay's threat to have Plaintiff Bridget incarcerated.

20. When Plaintiff Danielle arrived at the residence of Plaintiff Bridget, she discovered that Defendants Sisak, Bobak, Spinneweber and Bechtold were at the said residence, having been called by their friend and colleague Defendant McKay.

21. Defendants Sisak, Bobak, Spinneweber and Bechtold threatened to kick in the door of the residence of Plaintiff Bridget and to arrest her, allegedly because she would not turn

over custody of the minor child Anthony to Defendant McKay pursuant to a non-existent order of court.

22. Defendants Sisak, Bobak and Bechtold, in concert and collusion with their friend and colleague Defendant McKay, refused to allow Plaintiffs Bridget and Danielle to view a document which they had in their possession at that time and at that place, and claimed that the said document was a "Court Order" granting Defendant McKay custody of the minor child Anthony. Defendants Sisak, Bobak and Bechtold also refused to answer any questions from Plaintiffs as to the nature of the said document.

23. On that date and at that time, Defendant Sisak threatened Plaintiff Bridget with arrest and then and there did arrest her because she questioned the non-existent court order which Defendants Sisak, Bechtold and Bobak had allegedly claimed to have in their possession at that time.

24. Plaintiffs Danielle and Bridget were then arrested by Defendant Sisak, and were transported to the Allegheny County Jail by Defendant Bobak on that date and at that time, and remained incarcerated from approximately 4:30 p.m. on June 9, 2013, until approximately 3:00 a.m., on June 10, 2013.

25. Plaintiffs Danielle and Bridget were each charged with interference with custody of children, 18 Pa.C.S. §2904(a) on that date.

26. While Plaintiffs were incarcerated, Defendant McKay telephoned the mother of Plaintiff Bridget to inform her, falsely, that he had full custody of the minor child Anthony and

that, because of this, it was no longer necessary for the mother of Plaintiff Danielle to pick up the minor child Anthony from school.

27. On August 4, 2013, Defendant McKay was arrested and charged with making terroristic threats, 18 Pa.C.S. § 2706(a)(1).

28. On August 30, 2013, the charges brought against Plaintiffs Danielle and Bridget by Defendants Sisak, Bobak, Spinneweber and Bechtold which arose out of the incident of June 9, 2013, were dismissed following a hearing.

29. On that same date, as aforesaid, Defendant McKay was ordered to cease contact with the family of Plaintiff Bridget for six months.

30. The said matter against Defendant McKay was withdrawn on September 26, 2013, without any notice to Plaintiffs Danielle and Bridget, the victims herein.

31. Plaintiffs believe and therefore aver that the matter against Defendant McKay was closed because of the concerted machinations between Defendants Sisak, Bechtold, Bobak, Spinneweber and McKay.

WHEREFORE, Plaintiffs request damages against all Defendants, individually and collectively, interest, attorney's fees and the costs of suit.

**JURY TRIAL DEMANDED**

## COUNT I - DENIAL OF RIGHTS, PRIVILEGES
## AND IMMUNITIES, 42 U.S.C. § 1983
## All Plaintiffs v. All Defendants

32. The allegations of Paragraph Nos. 1-31, inclusive, are incorporated by reference as though the same had been fully set forth herein.

33. Plaintiffs believe and therefore aver that each of the acts of Defendants Sisak, Bechtold, Bobak, Spinneweber and McKay individually, collectively and in concert with each other, against Plaintiffs giving rise to the filing of the said false criminal charge against each Plaintiff, as aforesaid, were committed solely for the purpose of depriving Plaintiffs of any rights, privileges and immunities secured to them by the Constitution of the United States and by the Pennsylvania Constitution.

34. Plaintiffs believe and therefore aver that Defendant Pittsburgh had a policy of condoning the deprivation of any rights, privileges and immunities secured to Plaintiffs by the United States Constitution and the Pennsylvania Constitution as evidenced by the acts of its employees/agents/servants Defendants Sisak, Bechtold, Spinneweber and Bobak, acting individually and/or collusively with each other, in filing the said criminal charge against each Plaintiff, as aforesaid.

35. Plaintiffs believe and therefore aver that the policy of Defendant Pittsburgh condoning the deprivation of any rights, privileges and immunities secured to Plaintiffs by the United States Constitution and the Pennsylvania Constitution as evinced by the acts of its employees/agents/servants, Defendants Sisak, Bechtold, Spinneweber and Bobak, acting

individually and/or collusively with each other in the filing false of criminal charges against each Plaintiff, as aforesaid, exists solely for the purpose of depriving Plaintiffs of the same.

36. Plaintiffs believe and therefore aver that the acts of Defendant McKay against them resulting in the filing of false criminal charges against each of them were done solely for the purpose of depriving them of their rights, privileges and immunities secured to them by the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, Plaintiffs request damages against all Defendants, individually and collectively, interest and the costs of suit.

**JURY TRIAL DEMANDED**

### COUNT II - CONSPIRACY TO DEPRIVE PLAINTIFFS OF RIGHTS, PRIVILEGES AND IMMUNITIES—42 U.S.C. §1985(3)
**All Plaintiffs v. All Defendants**

37. The allegations of Paragraph Nos. 1-36, inclusive, are incorporated by reference as though the same had been fully set forth herein.

38. The acts of which Plaintiffs complain herein giving rise to the filing of false criminal charges against each of them were committed by Defendants Sisak, Bechtold, Spinneweber and Bobak, acting under color of state law, as servants, agents and/or employees of Defendant Pittsburgh and subject to its complete direction and control in concert and collusion with each other and with Defendant McKay in order to deprive Plaintiffs of rights, privileges and immunities secured to them under the Constitution of the United States and the Pennsylvania Constitution.

WHEREFORE, Plaintiffs request damages against all Defendants, individually and collectively, interest, attorney's fees and the costs of suit.

**JURY TRIAL DEMANDED**

### COUNT III - FALSE ARREST
### All Plaintiffs v. All Defendants

39. The allegations of Paragraph Nos. 1-38, inclusive, are incorporated by reference as though the same had been fully set forth herein.

40. The arrest and detention of each Plaintiff, as aforesaid, by Defendants, acting individually, collectively, collusively and in concert with each other, was unlawful and not based upon probable cause, as a result of which false criminal charges were instituted by all Defendants, acting individually, collectively, collusively and in concert with each other against each Plaintiff.

WHEREFORE, Plaintiffs request damages against all Defendants, individually and collectively, interest and the costs of suit.

**JURY TRIAL DEMANDED**

### COUNT IV – MALICIOUS PROSECUTION
### All Plaintiffs v. All Defendants

41. The allegations of Paragraph Nos. 1-40, inclusive, are incorporated by reference as though the same had been fully set forth herein.

42. The false criminal charges filed by all Defendants, individually, collectively, collusively and in concert with each other against each Plaintiff were brought without probable cause and with malice against Plaintiffs.

43. The false criminal charges filed by all Defendants individually, collectively, collusively and in concert with each other against Plaintiffs terminated in favor of both Plaintiffs, thus giving rise to their allegation that Defendants, individually, collectively and in concert with each other, acted with malice against Plaintiffs.

WHEREFORE, Plaintiffs request damages against all Defendants, individually and collectively, interest and the costs of suit.

**JURY TRIAL DEMANDED**

Respectfully submitted,

GOODRICH & GEIST, P.C.

_____
William F. Goodrich, Esquire
Attorney for Plaintiffs

## VERIFICATION

I, BRIDGET HENSEL, have read the foregoing Complaint. The statements of fact contained therein are true and correct to the best of my personal knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities, which provides that if we make knowingly false averments, we may be subject to criminal penalties.

Date: 3/24/16

_____
Bridget Hensel

**VERIFICATION**

I, DANIELLE McKAY, have read the foregoing Complaint. The statements of fact contained therein are true and correct to the best of my personal knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities, which provides that if we make knowingly false averments, we may be subject to criminal penalties.

Date: 3-16-16

Danielle McKay

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINT** has been furnished this 21ˢᵗ day of April, 2016 by U.S. Mail, First Class, postage pre-paid to the following:

**Michael Kennedy, Esq.**
**City of Pittsburgh, Department of Law**
**414 Grant Street, Suite 313**
**Pittsburgh, PA 15219**
*(Counsel for Defendant, The City of Pittsburgh)*

**Bryan Campbell, Esq.**
**Law Offices of Bryan Campbell**
**310 Grant Street, Suite 2330**
**Pittsburgh, PA 15219**
*(Counsel for Defendants, David M. Sisak, Peter Bechtold, Scott Bobak & David Spinneweber)*

**Anthony McKay**
**1221 Oakleaf Drive**
**Pittsburgh, PA 15207**

GOODRICH & GEIST, P.C.

William F. Goodrich, Esquire
Attorney for Plaintiff