**IN THE DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIELLE McKAY and BRIDGET A. HENSEL, | Civil Action No. 2:16-cv-569-CRE |
| Plaintiffs, | Honorable J. Cynthia Eddy |
| vs. | **ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIM FOR INDEMNIFICATION** |
| ANTHONY McKAY, OFFICER DAVID M. SISAK, OFFICER PETER BECHTOLD, OFFICER SCOTT BOBAK, OFFICER DAVID SPINNEWEBER, and THE CITY OF PITTSBURGH, | |
| Defendants. | |

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM FOR INDEMNIFICATION**</u>

AND NOW, come the Defendants Sisak, Bechtold, Bobak, and Spinneweber (referred to collectively as "Defendant Officers"), by and through undersigned counsel, Bryan Campbell, Esq., and file the following *Answer, Affirmative Defenses, and Cross-claim for Indemnification*, and in support thereof avers the following:

<u>THE PARTIES</u>

1.      Admitted.

2.      Admitted

3.      Admitted.

4.      The answering Defendants are without sufficient knowledge to form a response to Anthony McKay's employment, and therefore the same is denied. The remaining averments of paragraph 4 are denied.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

<u>THE FACTS</u>

11.     No response required.

12.     Admitted to the extent that the Defendant Officers were aware that Anthony McKay sent text messages to Danielle McKay stating he wished to have his son on the weekend, which he was supposed to have custody.

13.     Admitted to the extent that the Defendant Officers were aware that Bridge Hensel had the minor child with her. It is denied that the Defendant Officers knew why the minor child was with her.

14.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 14. Therefore, the same are denied.

15.     Admitted to the extent that the Defendant Officers were aware that Defendant McKay sent text messages to Bridget Hensel and stated that he had a custody order and she had to return his son for his custody time. The remaining averments are denied.

16.     Admitted to the extent that the Defendant Officers were aware that Defendant McKay sent text messages to Bridget Hensel and stated that he had a custody order and she had to return his son for his time for custody. The remaining averments are denied.

17.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 17. Therefore, the same are denied.

By way of further response, the Defendant Officers were made aware of a Custody Order that established that Anthony McKay had custody of the minor child every other weekend.

18.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 18. Therefore, the same are denied.

19.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 19. Therefore, the same are denied.

20.     Admitted to the extent that the Defendant Officers were present at Hensel's residence waiting for the minor child to be returned. However, the Defendant Officers were present in response to Anthony McKay showing up to the Zone 6 police station to complain about Danielle McKay's refusal to produce his son for his weekend of custody. This was Anthony McKay's second complaint regarding Danielle McKay's refusal to produce the minor child on a weekend in which Anthony McKay had custody.

21.     The averments of paragraph 21 are denied.

22.     The averments of paragraph 22 are denied. By way of further response, the Defendant Officers questioned the Plaintiffs as to why they refused to produce the minor child to the father when they knew about a Court Order giving him weekend custody and both of them did not produce a sufficient response to justify refusing to turn the minor child over to Anthony McKay.

23.     The averments of paragraph 23 are denied. By way of further response, during the interaction Bridget Hensel acknowledged that she was aware of the Court Order and still refused to produce the minor child under the belief that it could only be enforced by a County Sheriff.

24.     Admitted to the extent that the Plaintiffs were arrested for interference with custody of a child for knowingly violating a Court Order and refusing to produce the minor child

to Anthony McKay. After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the remaining averments of paragraph 24. Therefore, the same are denied.

25.     Admitted.

26.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 26. Therefore, the same are denied.

27.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 27. Therefore, the same are denied.

28.     The averments of paragraph 28 are denied as stated. The criminal court docket available for Bridget Hensel only notes that the charge was withdrawn. The docket available for Danielle McKay is not available due to her expungement of those records.

29.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 29. Therefore, the same are denied.

30.     After a reasonable investigation, the Defendant Officers are without sufficient knowledge to form a response to the averments of paragraph 30. Therefore, the same are denied.

31.     The averments of paragraph 31 are denied.

COUNT I – DENIAL OF RIGHTS, PRIVILEGES AND IMMUNITIES 42 U.S.C. § 1983

All Plaintiffs v. All Defendants

32.     No response required.

33.     The averments of paragraph 33 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

34.     The averments of paragraph 34 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

4

35.     The averments of paragraph 35 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

36.     The averments of paragraph 36 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

COUNT II – CONSPIRACY TO DEPRIVE PLAINTIFFS OF RIGHTS, PRIVILEGES, AND

IMMUNITIES – 42 U.S.C. § 1983

All Plaintiffs v. All Defendants

37.     No response required.

38.     The averments of paragraph 38 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

COUNT III – FALSE ARREST

All Plaintiffs v. All Defendants

39.     No response required.

40.     The averments of paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

COUNT IV – MALICIOUS PROSECUTION

All Plaintiffs v. All Defendants

41.     No response required.

42.     The averments of paragraph 42 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

43.     The averments of paragraph 43 contain conclusions of law to which no response is required. To the extent a response is required, the same is therefore denied.

AFFIRMATIVE DEFENSES

44.     The Defendants are police officers and at all times relevant hereto acted under the color of law, within the scope of their employment, and in a good faith belief that their actions were constitutional.  At all times relevant hereto, the Defendant Officers acted in a good faith belief that their actions were constitutional and such belief was reasonable under the circumstances and therefore they are entitled to qualified immunity.

45.     All at times relevant hereto, probable cause existed for the seizure of Plaintiffs and the charges issued against them, thus barring Plaintiffs' claims of false arrest, malicious prosecution, and conspiracy.

**CROSS-CLAIM: INDEMNIFICATION CLAIM**

**SISAK, SPINNEWEBER, BOBAK, AND BECHTOLD V. CITY OF PITTSBURGH**

46.     As employees of the City of Pittsburgh, the Defendant Officers are entitled to indemnification from the City of Pittsburgh in the event of a verdict against them.  An officer only loses this right if it is held that he or she acted with actual malice and/or willful misconduct. *See* Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*

Respectfully submitted,

*/s/ Bryan Campbell, Esq.*

330 Grant Street
Suite 2620
Pittsburgh, PA 15219
412-642-7667
bryancmpbl@yahoo.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2016, I served the foregoing Defendant Officers' *Answer to Amended Complaint, Affirmative Defenses, and Cross-claim* to the following Counsel via CM/ECF Filing System:

William Goodrich, Esq.
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212

Michael Kennedy, Esq.
Lourdes Sanchez Ridge, Esq.
313 City-County Building
414 Grant Street
Pittsburgh, PA 15219

*/s/ Bryan Campbell, Esq.*
Bryan Campbell, Esq.